UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

OLUNIYI ADEWALE ADELEKE,

                Petitioner,

v.

UNKNOWN PARTY #1 et al.,

                Respondents.
_____/

Case No. 1:26-cv-1780

Honorable Jane M. Beckering

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I.    **Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention following an order issued by the Detroit Immigration Court denying him bond and asks the Court to, *inter alia*, accept jurisdiction over this action, declare that Respondents' actions violate the Due Process Clause of the Fifth Amendment, and issue a writ of habeas corpus ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.7.)

In an Order entered on June 11, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 6.) Respondents filed their response and a recording of the

November 20, 2025, bond hearing on June 16, 2026. (Resp., ECF No. 7; Recording of Nov. 20, 2025, Bond Hearing, filed on June 16, 2026.)

## II.    Relevant Factual Background

Petitioner is a citizen of Nigeria who entered the United States in 2018. (Notice to Appear, ECF No. 7-1, PageID.119.) On November 3, 2025, ICE arrested Petitioner. (Form I-213, ECF No. 7-2, PageID.124.)

On November 20, 2025, Petitioner received a bond hearing pursuant to § 1226(a). (Immigration Judge Order, ECF No. 7-6, PageID.137.) At the conclusion of the November 20, 2025, hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating, "[the] Court finds [Petitioner] to be a flight risk based on the lack of ties to the community and the very recent marriage and filing of relief." (*Id.*)

## III.   Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV.    Discussion

In this case, Petitioner had a bond hearing in the Detroit Immigration Court on November 20, 2025. (Immigration Judge Order, ECF No. 7-6, PageID.137.) The Immigration Judge denied Petitioner's request for bond, concluding that Petitioner was a flight risk. *(Id.)* In his § 2241 petition, Petitioner challenges the findings of the Detroit Immigration Court as related to the denial

of his bond, arguing that Petitioner is "not a danger to the community [nor] a flight risk" and that the Immigration Judge failed to consider Petitioner's evidence during the November 20, 2025, bond hearing. (Pet., ECF No. 1, PageID.6; Declaration of Petitioner, ECF No. 1-1.) Respondents argue, *inter alia*, that the Court should dismiss Petitioner's petition because Petitioner has not exhausted his administrative remedies. (Resp., ECF No. 7, PageID.108–116.)

Noncitizens "who are held in custody under 8 U.S.C. § 1226(a), while their petitions for review of their removal orders are pending, are entitled to a bond hearing before an immigration judge." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citation omitted); *see, e.g.*, *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *2–3 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *2–4 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *2–4 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *2–3 (W.D. Mich. Dec. 12, 2025). If the noncitizen is "dissatisfied with the [immigration judge's] bond determination," the noncitizen ordinarily must "file an administrative appeal so that 'the necessity of detention can be reviewed by . . . the BIA.'" *Leonardo*, 646 F.3d at 1160 (citation omitted). There are exceptions to this general rule. For example, the United States Court of Appeals for the Sixth Circuit has noted that due process challenges that are not premised on "correctable procedural errors" generally do not require exhaustion because the BIA cannot review constitutional challenges. *See Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006) (discussing that "an alien's due process challenge generally does not require exhaustion" because "the BIA lacks authority to review constitutional challenges," but noting that an "alien must raise correctable procedural errors to the BIA"). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the

3

proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo*, 646 F.3d at 1160.

In this case, although Petitioner argues that his detention generally violates the Due Process Clause of the Fifth Amendment, Petitioner's specific claims involve challenges to the immigration judge's factual determinations in the bond decision. (*See* Pet., ECF No. 1, PageID.2–7.) Petitioner does not argue that the procedures of the bond hearing itself violated the Due Process Clause of the Fifth Amendment. Under these circumstances, the issues raised in the present § 2241 petition are issues that must first be raised to the BIA. Petitioner's appeal to the BIA remains pending. (*Id*., PageID.5.) Therefore, Petitioner has not exhausted his administrative remedies, and Petitioner has not demonstrated grounds for excusing the exhaustion requirement in this case.

### Conclusion

For the reasons discussed above, the Court will enter a Judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated:      June 23, 2026                      /s/ Jane M. Beckering
                                               Jane M. Beckering
                                               United States District Judge

4